UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA METZGER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 2:25-cv-01551-CSK<br><br>ORDER and FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S IFP REQUEST<br><br>(ECF No. 2) |

Presently pending before the Court is Plaintiff Patricia Metzger's motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).[1] (ECF No. 2.)

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id.* The IFP statute does not itself define what constitutes insufficient

---

[1] Actions involving review of Social Security decisions are referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. L.R. 302(c)(15).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.* Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id.* According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's affidavit indicates her son pays $1,150 per month for "space rent" for her mobile home and $1,500 per month for her food and groceries, i.e. she receives $31,800 in funds from her son each year. (*See* ECF No. 2). Plaintiff states she has $1,000 in liquid assets, and has a credit card with an outstanding balance of $10,000. *Id.* Plaintiff does not list any other expenses except for her rent, food and groceries.

Thus, Plaintiff is receiving about $31,800 per year, which is close to double the 2024 poverty guideline and covers all of Plaintiff's expenses, while also leaving funds available to pay the one-time $405 in court costs associated with filing this action. Given this, the Court cannot find Plaintiff unable to pay. *See Escobedo*, 787 F.3d at 1234. While the Court is sympathetic to Plaintiff's situation, she is not indigent and numerous litigants in this court have significant monthly expenditures. Thus, the Court recommends Plaintiff's IFP motion be denied. *See Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).

Presently, a filing fee of $405.00 is required to commence a civil action in this court. In recognition of Plaintiff's financial resources, the Court finds it appropriate to allow for monthly payments of a minimum of $25.00 until the full filing fee is satisfied. The undersigned recommends that, upon receipt of the first installment from Plaintiff, the Clerk of the Court be allowed to issue the appropriate service orders.

  Accordingly, the undersigned ORDERS the Clerk of the Court randomly assign a district judge to this action. Further the undersigned RECOMMENDS:

1. Plaintiff's IFP request (ECF No. 2) be DENIED;
2. Plaintiff be granted leave to satisfy the filing fee in $25 monthly installments, beginning within 14 days of the district court's decision of these findings and recommendations and due on the first of each month thereafter, and allow for the Clerk to issue a summons after the first installment is received; and
3. Plaintiff be warned that failure to satisfy the full filing fee according to the payment schedule may result in dismissal under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). No objections period is required for IFP denials. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [her] application to proceed in forma pauperis be denied.").

Dated: July 25, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, metz.1551.25